UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JACKIE L. TEAGUE,

      Plaintiff,

vs.   Case No. 3:05-cv-296-J-HTS

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____

### **OPINION AND ORDER**[1]

This cause is before the Court seeking review of the final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for Disability Insurance Benefits (DIB) under the Social Security Act. Administrative remedies have been exhausted and the case is properly before the Court.

Jackie L. Teague filed an application for DIB dated February 25, 2002, alleging a disability onset date of January 2, 2002. Transcript of Administrative Proceedings (Tr.) at 53-55. Inability to work is based on back problems. *Id.* at 101.

After the application was denied initially and on reconsideration, Administrative Law Judge Edward Bayouth-Babilonia (ALJ) conducted a hearing on August 23, 2004, and subsequently issued a Decision denying benefits on September 24, 2004. *Id.* at

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #11).

18.  The Appeals Council concluded no basis for review existed and the Commissioner's decision became final.

## I.  Background: Jackie L. Teague's Declarations

At the time of the hearing, Plaintiff was fifty-nine years old.  She had attended school through the ninth grade.  Past work included truck driving and customer service.

Plaintiff has difficulty walking and standing.  She suffers from back and leg muscle spasms.  Three surgeries have been performed on her back.  Additionally, she has heart problems.

Among Claimant's daily living activities is grocery shopping, although she needs help loading the items into her car.  She is able to bathe, prepare simple meals, do laundry, and wash dishes. She watches television up to two hours a day.

## II.  Standard of Review

"Disability" is defined in the Social Security Act as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A). In evaluating whether a claimant is disabled, the ALJ must follow the sequential inquiry described in the regulations.[2]

---

[2]  The process involves five questions posed until a finding of disability is either precluded or mandated.  The questions are as follows: (1) Is the claimant engaged in substantial gainful activity?; (2) If not, does the claimant suffer from a severe impairment?; (3) If yes, does the claimant's impairment meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?; (4) If not, can the claimant perform his or her former work?; (5) If not, can he or she engage in other work of the sort found in the national

The Commissioner's final decision may be reviewed by a district court pursuant to 42 U.S.C. § 405(g). "[F]actual findings are conclusive if . . . supported by 'substantial evidence,'" but the application of legal principles is examined "with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)); *see also Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993) ("[N]o presumption of validity attaches to the . . . determination of the proper legal standards to be applied in evaluating claims.").

Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "'If the Commissioner's decision is supported by substantial evidence, [the reviewing court] must affirm, even if the proof preponderates against it.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quoting *Phillips*, 357 F.3d at 1240 n.8); *see also Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (per curiam); *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam). In determining whether substantial evidence supports a finding, portions of the transcript are not viewed in isolation, but are examined for their impact upon "the record as a whole." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). However, the existence of substantial evidence in the record favorable to

---

economy?  20 C.F.R. § 404.1520 (a)-(g); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

the Commissioner may not insulate the ALJ's determination from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

Plaintiff presents one issue. She contends "the ALJ failed to comply with SSR 82-62 by failing to make specific findings regarding the physical and mental demands of [her] past relevant work as a service clerk." Plaintiff's Initial Brief (Doc. #15; Memorandum) at 16 (capitalization omitted).

At step 4 the ALJ must ascertain whether claimant can perform her past relevant work. The ALJ determines a claimant's past relevant work by looking at how the claimant actually performed his or her job or how the job was performed in the national economy. *See* SSR 82-61. In conducting this evaluation, the burden is on the claimant to show disability, but the ALJ must make the following three findings of fact: "1. A finding of fact as to the individual's [residual functional capacity (RFC)]. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82-62. Some courts have held that the ALJ may use the *Dictionary of Occupational Titles* in place of making the specific factual finding in the second prong. *See, e.g., Pfitzner v. Apfel,* 169 F.3d 566, 569 (8th Cir. 1999). The ALJ may also use the *DOT* to

define past work as it is performed in the national economy. *See* SSR 82-61. However, if the ALJ chooses to use the *DOT* to satisfy his duty, then he must make a specific reference to the *DOT*. *See Berthiaume v. Apfel,* No. CIV 98-419-M, 1999 WL 814267, at *6 (D.N.H. Sept. 30, 1999); *French v. Apfel,* 62 F. Supp. 2d 659, 664 (N.D.N.Y. 1999).

Defendant argues the demands of Claimant's "former job, as generally performed in the economy, are compatible with her RFC." *See* Memorandum in Support of the Commissioner's Decision (Doc. #16) at 5. In his decision, the judge specifically referenced the *DOT* entry for service clerk. *See* Tr. at 17. At the hearing, the vocational expert also cited the *DOT* and described this job as "[s]edentary, SVP 4, semiskilled." *Id.* at 343. Since the ALJ apparently based his determination on the past work as performed in the national economy, not as Plaintiff actually performed it, Ms. Teague's arguments in regard to the latter, *see* Memorandum at 17-18, are not persuasive.

> The ALJ found Claimant's RFC to include the ability
>
> to lift up to 10 pounds; stand or walk up to 2 hours in an 8-hour workday, sit up to 6 hours in an 8-hour workday. She cannot work at heights or around dangerous machinery, and cannot do any climbing. The claimant can occasionally stoop, crouch or operate foot controls.

Tr. at 18 (Finding 6). At the hearing, he relayed essentially these restrictions to the vocational expert (VE), who opined she would still be able perform the work of a service clerk. *Id.* at

345.[3]  The judge credited the expert's testimony and found Plaintiff could return to her past work. *Id.* at 17.

The sole remaining question relates to what extent an ALJ who at step 4 relies on VE testimony and references the *DOT* must also "elicit testimony from the [expert] concerning the mental and physical demands of the . . . job" and thereafter "make a particularized determination" regarding these demands. Memorandum at 18. The Court is not convinced more needed to be done under the circumstances of this case.

"[I]n every circuit save [the Fourth] it is not error for an administrative law judge to use the services of a vocational expert at step four . . . to determine whether a claimant can return to her past relevant work." *Bechtold v. Massanari*, 152 F. Supp. 2d 1340, 1345 n.4 (M.D. Fla. 2001).[4]  Indeed, a VE's testimony an individual can perform a job as generally found in the national economy can "provide[] the basis upon which [an] ALJ [may] rely to determine" that person is able to return to her past work. *Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995); *see also Walters v. Apfel*, 998 F. Supp. 1078, 1083 (E.D. Mo. 1998) (rejecting argument

---

[3] Plaintiff does not develop any argument either as to the hypothetical or RFC finding. She merely mentions her testimony about problems with sitting and "that she can only sit for up to 15 minutes at a time[.]" Memorandum at 17. The judge discussed the record and found Ms. Teague's description of her functional limitations less than fully credible. *See* Tr. at 15-16.

[4] Although one court has read an Eleventh Circuit opinion to preclude use of VE testimony at step 4, *Randle v. Apfel*, No. 97 C 5616, 1998 WL 704167, at *13 n.8 (N.D. Ill. Sept. 29, 1998) (citing *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987), nothing in the referenced opinion directly supports this interpretation.

judge "failed to make explicit findings regarding the physical and mental demands of . . . past relevant work" where ALJ relied on VE opinion specifying job and identifying it "as sedentary unskilled work"). Thus, the Court will not fault the ALJ herein.

### IV.  Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of December, 2005.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and *pro se* parties, if any